UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**,<br><br>      Plaintiff,<br>v.<br><br>**Pietro's 990, LLC**, a Michigan limited liability company,<br><br>And<br><br>**Three Chefs, LLC**, a Michigan limited liability company,<br><br>      Defendants. | Case No. 1:24-cv-232<br><br>Judge: |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant PIETRO'S 990, LLC a Michigan limited liability company, and Defendant Three Chefs, LLC a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

1

governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Pietro's 990, LLC owns real estate located at 2780 Birchcrest Dr. SE, Grand Rapids, MI 49506 in Kent County.

6. Defendant Three Chefs, LLC operates a restaurant named Pietro's Italian restaurant, located at 2780 Birchcrest Dr. SE, Grand Rapids, MI 49506 in Kent County.

7. Plaintiff has patronized Defendants' property and business previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8. Upon information and belief, the facility owned or operated by the Defendant Pietro's 990, LLC and Three Chefs, LLC is non-compliant with the remedial provisions of the ADA. As

    Defendants either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' restaurant is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in western Michigan. Leland Foster travels to the area to participate in adaptive sporting, participates annually in the Diemer Run & Mobility 5k and many other events, has friends in the area whom he socializes with regularly, and frequents many establishments in the Kent County region and has been a customer at the property that forms the basis of this lawsuit.

11. On July 16, 2023 and October 5, 2023 and well as on previous occasions, Plaintiff patronized the Defendants' property and restaurant business, for dine in and for carryout and for delivery and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the

   Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Pietro's Italian Restaurant, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes & Parking

 A. There is no accessible route from the designated accessible parking to the banquet entrance due to the presence of stairs, in violation of the ADA and Section 206.4.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

 B. There are no handrails on the steps to the banquet facility entrance, whereas they are

required on both sides of the steps, in violation of the ADA and Section 505.2 of the 2010 Standards and 1991 ADAAG section 4.9.4, whose remedy is strictly required or, at minimum, readily achievable.

C. There are cracks and changes in level along the accessible route from the designated accessible parking to the restaurant entrance, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

D. The accessible route from the designated accessible parking to the restaurant entrance has sidewalks and ramps that do not meet the required 36 inches minimum clear width of an accessible route, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

E. The ramp to the restaurant entrance has an excess slope and cross slope, in violation of the ADA and section 405.2 of the 2010 Standards and 1991 ADAAG section 4.8.2, whose remedy is strictly required or, at minimum, readily achievable.

F. There are not handrails on the steps to the restaurant entrance, whereas they are required on both sides of the steps, and the one that presently exists on one side does not extend compliant lengths at top and bottom riser, in violation of the ADA and Section 505.2 of the 2010 Standards and 1991 ADAAG section 4.9.4, whose remedy is strictly required or, at minimum, readily achievable.

G. The ramp to the restaurant entrance does not have handrails on both sides, in violation of the ADA and section 405.8 of the 2010 Standards and 1991 ADAAG section 4.8.5, whose remedy is strictly required or, at minimum, readily achievable.

H. The restaurant lacks the required number of designated accessible parking spaces, in violation of the ADA and Section 208.2 of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or, at minimum, readily achievable.

I. Designated accessible parking spaces are marked with signs that are not at least 60 inches above the ground surface to the bottom edge of the sign, in violation of the ADA and Section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

J. Designated accessible parking is not located on the shortest accessible route to the entrance, in violation of the ADA and Section 208.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.2, whose remedy is strictly required or, at minimum, readily achievable.

K. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG section A4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

Men's Restroom #1

L. The men's room lavatory's pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

M. The hook inside the men's restroom stall is located above allowable reach range, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

N. The men's restroom water closet is located too far away from the side wall or partition, in

    violation of the ADA and section 604.2 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

O. The men's restroom water closet seat height is too low, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

P. The men's restroom toilet compartment entirely lacks a rear grab bar, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

Q. The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

R. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, swings into the clear floor space around the water closet, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

S. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

<u>Men's Restroom #2</u>

T. The men's room lacks required signage containing the international symbol of accessibility and tactile Braille, in violation of the ADA and section 216.8 of the 2010

Standards, whose remedy is strictly required or, at minimum, readily achievable.

U. The route to the men's restroom has double swinging doors that do not meet required width for access by people who use wheelchairs, in violation of the ADA and section 402.2.2 of the 2010 Standards and 1991 ADAAG section 4.13.4, whose remedy is strictly required or, at minimum, readily achievable.

V. The men's restroom water closet seat height is too low, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

W. The men's restroom toilet compartment entirely lacks a rear and side grab bar, in violation of the ADA and sections 604.5.1 and 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

X. The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Y. The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

Z. The men's room lavatory's pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

AA. The men's restroom toilet compartment door lacks door pulls on both sides,

    requires tight grasping or twisting to operate, swings into the clear floor space around the water closet, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

BB.    Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods and Services

CC.    The bar does not have a lowered sitting or standing dining surface or service transaction counter portion for use by customers who use wheelchairs, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 5.2, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

DD.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

EE.    The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16.    The discriminatory violations described in Paragraph 15 by Defendants Pietro's 990, LLC and Three Chefs, LLC are not an exclusive list of the Defendants' ADA violations.

      Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**</u>

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The restaurant at issue, as owned and operated by Pietro's 990, LLC and Three Chefs, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility,

including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Pietro's 990, LLC and Three Chefs, LLC owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendants have committed an unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendants have failed to undertake the readily achievable barrier removal necessary to provide Mr. Foster, and others with mobility impairments, safe and accessible means of patronizing the Pietro's restaurant or using the restroom facility therein.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net